**In re DAVID-HODOSH CO., INC., Bankrupt.**

**Bankruptcy No. 78-408.**

United States Bankruptcy Court, Rhode Island.

July 30, 1984.

| | |
|---|---|
| Receiver's Commission | $ 417.04 |
| (Allan M. Shine, Esq.) | |
| Attorney for Receiver | 4,540.00 |
| (Allan M. Shine, Esq.) | |
| Trustee's Commission | 1,301.20 |
| (Allan M. Shine, Esq.) | |
| Attorney for Trustee | 7,580.00 |
| (Allan M. Shine, Esq.) | |
| plus expenses | 588.08 |
| State Court Receiver | 4,300.00 |
| (Allan M. Shine, Esq.) | |
| TOTAL FEES AND EXPENSES AWARDED TO ALLAN M. SHINE, ESQ.: | $18,726.32 |

General creditors, whose claims total $881,746, have received nothing yet, and will receive a first and final dividend of 0.84% if the single remaining fee application is allowed as requested. Obviously, not much can be done for general creditors at this stage of the case, with a pending fee application of only $1,875 at the end of this old case, and although the amounts presently under consideration are not significant or large, we write this to emphasize and remind counsel that the size of the estate and the result for creditors are factors that should not be overlooked in the preparation of fee applications.

The prior awards in this case are disproportionate to the size of the estate or to the dividend to general creditors, and have some unfortunate similarities to those in *National Finance Corporation,* another "Old Act" case in which this Court has recently discussed the criteria for the award of fees in such circumstances. *See* Decision on Application for Fees, *In re National Finance Corp.,* 41 B.R. 329 (Bankr. D.R.I.1984), dealing at length with size of the estate, and benefit to creditors.

The reasons for reducing the requested compensation in this case are similar to those stated in *National Finance Corporation,* and need not be reiterated here. The Court would add only the comment that in this District future applications for interim fees should provide specific projections vis-a-vis the anticipated fate of creditors at the conclusion of the case, with sufficient detail to support said projections. In the absence of such information the Court cannot, and therefore will not,

## ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

In this "Old Act" case Allan M. Shine, Esq., the trustee, has collected, and either has distributed or will distribute approximately $59,000 to creditors. Of this amount, $50,736 has been paid to secured or priority creditors. Compensation has previously been awarded to Mr. Shine in this case as follows:

attempt to determine whether, or in what amount, interim compensation should be awarded.

For the reasons stated here and in *National Finance Corporation,* it is ORDERED that compensation is allowed as follows:

Attorney for the trustee
| | |
|---|---|
| Requested: | $1,875.00 |
| Allowed: | 875.00 |

Attorney for the trustee—expenses
| | |
|---|---|
| Requested: | $ 117.50 |
| Allowed: | · 117.50 |

Trustee's Maximum Statutory
| | |
|---|---|
| Allowance: | $ 97.58 |
| Allowed: | 97.58 |